UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL CALDWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NORDIC NATURALS, INC.,<br><br>　　　　　Defendant. | Case No. 23-cv-02818-EMC<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Docket No. 70 |

　　　　Plaintiff Cheryl Caldwell has filed a putative class action on behalf of herself and a nationwide class of those similarly situated against Defendant Nordic Naturals, Inc., based on the sale of its dietary supplement product "Ultimate® Omega 2X." Compl. ¶ 12. Plaintiff claims that Defendant's use of "2X" in conjunction with "Ultimate Omega" on the front of the package misleads consumers into thinking that there is double the amount of omega-3 ("omega") per serving than the amount of omega in the Nordic Naturals product named "Ultimate® Omega." Compl. ¶ 12. The Plaintiffs, and putative class representatives, are from California, Illinois, Florida and New York. The Parties close of fact discovery (pre-class certification) is 11/26/2024.

　　　　Parties filed a joint letter brief regarding the scope of allowed discovery prior to class certification. Dkt. No. 70. Plaintiff served Defendant with Interrogatories 4-5 and Requests for Production 2-5 seeking all nationwide and California gross retail sales and units sold of the Product. Defendant produced data for sales within the state of California, and only from their direct-to-consumer sales of their "Ultimate Omega 2X" fish oil product.

　　　　Plaintiffs argue nationwide sales are relevant to their claims, as well as sales to to brick-and-mortar retailers, wholesalers, and distributors. Defendant states they produced (or will produce) data for states from which Plaintiffs reside, and for direct-to-consumer sales only

because that is the scope of the potential relevance. Defendant argues Plaintiffs are unlikely to be able to certify a nationwide class, thus discovery regarding nationwide sales is not relevant. Further, Defendant argues sales made directly to consumers are the only relevant sales, as opposed to sales to third-parties, who then sell to consumers.

The Court orders Defendant to supplement its responses and produce nationwide sales, and all units sold to retailers, wholesalers, and distributors. *Hall v. Marriott Int'l, Inc., No.* 319CV01715JLSAHG, 2021 WL 1906464, at *19 (S.D. Cal. May 12, 2021) (compelling defendant to produce California and nationwide revenue data, finding the information relevant "for the purposes of developing a damages model, distribution plan, and determining the scope of the case for settlement discussions"); *Seegert v. Rexall Sundown, Inc.*, No. 17CV01243JAHJLB, 2019 WL 12044514, at *4 (S.D. Cal. Mar. 26, 2019) (compelling production of third-party sales data to wholesalers in a consumer class action challenging a dietary supplement).

It is premature at this stage for Defendant to argue that a nationwide class could not be certified, or that nationwide sales are not relevant. *Hawkins v. Kroger Co.*, No. 15CV2320-JM(BLM), 2019 WL 4416132 (S.D. Cal. Sept. 16, 2019) ("The Court did not bifurcate discovery [ ] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case.") Additionally, sales of all retail and units sold could be relevant to Plaintiff's damages model for a nationwide class, as they will be required to submit, at minimum, a proposal for calculating damages on a class-wide basis. *Edwards v. The First Am. Corp.*, 385 F.App'x 629, 631 (9th Cir. 2010) (internal citations omitted) (finding that nationwide discovery provides plaintiffs the "opportunity to present evidence as to whether a class action [is] maintainable").

**IT IS SO ORDERED**.

Dated: November 25, 2024

_____
EDWARD M. CHEN
United States District Judge

2